**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reshma Dave,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>2012 Bobby Shah Irrevocable Trust,<br><br>　　　　　Defendant. | No. CV-24-08053-PCT-DLR<br><br>**ORDER** |

Before the Court are two motions: Defendant 2012 Bobby Shah Irrevocable Trust's ("Trust")[1] motion to dismiss (Doc. 8) the Complaint (Doc. 1) and Plaintiff Reshma Dave's motion for partial summary judgment (Doc. 14). Both motions are fully briefed. (Docs. 9, 11, 12, 16, 19.) The Court heard arguments from the parties on the motion to dismiss on December 16, 2024. For the reasons set forth below, the Court denies both motions.

**I.　The Trust's Motion to Dismiss**

**A. Background[2]**

This case arises from an alleged scheme by Bobby Shah ("Shah"), co-trustee of the

---

[1] The parties disagree about the proper name of the Trust. (*See* Docs. 8 at 1 n.1; 11 at 1 n.1.) Whatever the correct name, the Court understands the parties to be referring to the same trust. Because the disagreement is immaterial to the Court's analysis, the Court uses the name supplied in the caption and used by Dave, but use of Dave's name for the Trust should not be construed as a resolution of that dispute.

[2] Because the Trust levies a factual attack to subject matter jurisdiction, the Court has considered and drawn the facts in this section from the Complaint and exhibits submitted by both parties. The Court has not attached presumptive truthfulness to the Complaint's allegations. *See infra* Section II.

Trust, to move the Trust and shield assets from Dave. Dave and Shah were married but are now in divorce proceedings. (Doc. 1 ¶ 1.) In 2012, while they were still together, Shah formed the Trust with its situs in Arizona for the benefit of his spouse[3] and their children. (*Id.* ¶ 5; *id.* at 18.) Shah initially named Dave[4] the trustee of the Trust. (*Id.* at 18.) Shah named Arjav Shah ("Arjav") the Trust Protector. (*Id.* at 23.)

A decade after its formation, Arjav and Shah allegedly took steps to move the Trust situs and ensure a South Dakota court would assume supervision of the Trust. First, Shah removed Dave as a trustee and appointed Arjav in her stead. (*Id.* at 8.) Pursuant to his authority as Trust Protector, Arjav appointed Shah as the sole successor trustee of the Trust. (Doc. 10-1 at 34.) Arjav later appointed Michael Wright, a South Dakota resident, as co-trustee of the Trust. (Doc. 1 ¶ 2; Doc 10-1 at 36.)

In November 2022, Shah created a South Dakota company called Overwatch LLC ("Overwatch") and made the Trust the owner. (Doc. 1 ¶ 6.) Shah named himself manager of Overwatch. (*Id.*) Overwatch is the Trust's primary asset. (*Id.*; *id.* at 9.) In the same month, he transferred membership interests of two Arizona companies—which Dave alleges were marital property—to the Trust without Dave's consent. (*Id.* ¶ 13.) Since at least 2022, the Trust's records have been kept in South Dakota; tax returns on its behalf are prepared, reviewed, and signed in South Dakota; and annual reports for Overwatch LLC have been prepared and filed in South Dakota. (*Id.* at 10.) By making these changes, Arjav and Shah were able to move the situs of the Trust to South Dakota. (*Id.* ¶ 2; Doc. 10-1 at 35.)

Shah and Wright filed a petition "for court supervision and sealing of court file" ("Petition") in a South Dakota state court on February 6, 2024. (Doc. 1 at 8, 11.) The Petition included an inventory of the Trust assets, a copy of the governing Trust instrument, and a statement of interested parties. (*Id.* at 11; Docs. 10-2; 10-3.) A copy of the Petition and its attachments were served on Dave. (Doc. 10-4.) Dave received notice of the hearing

---

[3] The Trust defines "My Spouse" as "the individual who, as determined from time to time, is married to and living with me, or was married to and living with me at the time of my death." (Doc. 1 at 37.)

[4] The name "Reshma Shah" in the Trust refers to Dave. (Doc. 1 at 8.)

scheduled for the Petition. (Doc. 10-5.) The South Dakota court held the hearing and entered an order confirming the court's supervision. (Doc. 10-6.) Neither Dave nor any attorney on behalf of Dave appeared at the hearing or filed any objection to the Petition. (Docs. 10-4; 10-5; 10-8; 13.) A notice of entry of the order was mailed to Dave, and Shah filed the judgment with the Mohave County Superior Court. (Docs. 10-7; 10-8.)

Two days after the South Dakota state court issued its order, Dave filed the present suit. (*Compare* Doc. 1, *with* Doc. 10-8 at 9.) Dave brings three counts against the Trust: (1) aiding and abetting Shah's breach of fiduciary duty; (2) intentional fraudulent transfer; and (3) constructive fraudulent transfer. (Doc. 1 at 4–5.) The second and third claims are brought under the Uniform Fraudulent Transfer Act ("UFTA"). A.R.S. § 44-1001 *et seq.* (*Id.* ¶¶ 26, 30.) The Trust moves to dismiss[5] for lack of subject matter jurisdiction.[6] (Doc. 8.)

While the Trust's motion to dismiss was pending, Shah filed a petition in the South Dakota court to determine beneficiaries and interested persons of the Trust and to obtain approval of the Trust's inventory and accounting ("Second Petition"). (Doc. 10-9.) A copy of the Second Petition was mailed to Dave. (Doc. 18-5.) Dave received several notices of the hearing scheduled for the Second Petition. (Docs. 18-4; 18-6; 18-7.) The court held the hearing in June. (Doc. 13.) Neither Dave nor any attorney on behalf of Dave appeared at the hearing or filed any objection to the Second Petition. (Docs. 10-4; 10-5; 10-8; 13.) The court entered an order after the hearing, concluding that Dave was neither a beneficiary nor an interested party to the Trust and that no transfer to the Trust was fraudulent. (*Id.* at 3, 12–13.) The Trust notified the Court of the South Dakota court's decision. (Doc. 13.) Shortly thereafter, Dave filed a "Motion for Partial Summary Judgment re: Non-Preclusive Effect of South Dakota State Court Orders," asking this Court to rule that Dave is not bound by the South Dakota court order and that the decision has no preclusive effect on this case.

---

[5] Though it moves to dismiss the entire case, the Trust makes no argument in its briefs in favor of dismissal of the first count, so the Court only considers dismissal of the second and third counts.

[6] In its motion, the Trust states that it also moves for dismissal on Rule 12(b)(6) grounds, but it does not develop any argument in support of dismissal on that basis in the briefs. The Court therefore limits its analysis to the jurisdictional arguments.

(Doc. 14.)

### B. Legal Standard

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (quotations and citations omitted). Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). "Motions to dismiss under this Rule 'may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact.'" *Sabra v. Maricopa Cnty. Comty. Coll. Dist.*, 479 F. Supp. 3d 808, 813 (D. Ariz. 2020) (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)).

The Trust levies a factual attack on subject matter jurisdiction. In support of a factual subject matter attack pursuant to Rule 12(b)(1), the moving party may submit "affidavits or any other evidence properly before the court." *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). And the Court may properly consider that evidence without converting the motion to dismiss into a motion for summary judgment. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). If the moving party submits evidence showing a lack of a subject matter jurisdiction, the plaintiff must respond with any evidence necessary to satisfy her burden of establishing that the court has subject matter jurisdiction. *Ass'n of Am. Med. Colls.*, 217 F.3d at 778. In resolving a factual attack, the Court does not attach presumptive truthfulness to the allegations in the pleadings. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### C. Analysis

The Trust asserts that the Court lacks subject matter jurisdiction because Shah

- 4 -

petitioned a South Dakota state court to exercise supervision over the Trust before Dave filed suit here, giving the state court prior exclusive jurisdiction over in rem suits against the Trust.[7] Though federal courts are courts of limited jurisdiction, where jurisdiction exists, federal courts have a "virtually unflagging obligation" to exercise it. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, state and federal courts should not interfere with or restrain each other's proceedings. *Koken v. Viad Corp.*, 307 F. Supp. 2d 650, 655 (E.D. Pa. 2004). In fact, "it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939).

But where a court has custody of specific property, that court has prior exclusive jurisdiction over all in rem or quasi in rem proceedings against that property. *Id.*

> The question whether the prior exclusive jurisdiction doctrine applies turns on what, precisely, is at issue in the state and federal court proceedings. If both courts exercise either *in rem* or *quasi in rem* jurisdiction, then the courts may be simultaneously exercising jurisdiction over the same property, in which case the prior exclusive jurisdiction doctrine applies and the district court is precluded from exercising jurisdiction over the *res*.

*Goncalves By & Through Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1253 (9th Cir. 2017). The prior exclusive jurisdiction doctrine is a mandatory jurisdictional limitation. *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011). Thus, in cases where it applies, federal courts must dismiss or stay the proceedings.

An action is in rem where it "determine[s] interests in specific property as against the whole world." *State Eng'r of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev.*, 339 F.3d 804, 811 (9th Cir. 2003) (quoting *In Rem*, *Black's Law Dictionary* (6th ed. 1990)). An action is quasi in rem where "the parties' interests in the property serve

---

[7] Dave mistakenly asserts that "prior exclusive jurisdiction" is not a matter of subject matter jurisdiction. It is. *See Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 587 (9th Cir. 2022).

as the basis of the jurisdiction for the parallel proceedings."[8] *Town of Colo. City v. United Effort Plan Tr.*, No. CV11-08037-PHX-DGC, 2012 WL 12542, at *4 (D. Ariz. Jan. 4, 2012). On the other hand, "[w]here the relief sought is a money judgment only, the action is *in personam*." *Koken*, 307 F. Supp. 2d at 655 (citing *Kline v. Burke Constr. Co.*, 260 U.S. 226, 228 (1922)). In personam actions "enforce a personal liability" or "establish a debt or a right to share in property, and thus obtain an adjudication which might be had without disturbing control of the state court." *United States v. Bank of N.Y. & Tr. Co.*, 296 U.S. 463, 478 (1936).

Actions to "administer trusts" are in rem. *Goncalves*, 865 F.3d at 1253; *Princess Lida*, 305 U.S. at 280 (holding that prior exclusive jurisdiction principles extend to suits brought to "marshal assets, administer trusts, or liquidate estates, and in suits . . . where, to give effect to its jurisdiction, the court must control the property"). As Dave concedes, the nature of the suit in South Dakota, which deals with all aspects of administration of the Trust, is in rem. The parties disagree, however, about whether *this* suit is in rem or in personam. The Trust argues that "this action concerns the creation, funding, and proper situs of the Trust," which are quintessential issues of trust administration, and thus, this is an in rem suit. (Doc. 9 at 12.) Dave responds that fraudulent transfer claims are strictly in personam. (Doc. 11 at 4.)

When assessing whether an action is properly described as in rem or in personam, the Court must "look behind the form of the action to the gravamen of a complaint and the nature of the right sued on." *State Eng'r of Nev.*, 339 F.3d at 810 (quotation and citation omitted). That is to say, characterization of an action as in rem or in personam requires the Court to examine all aspects of the cause of action: the form of the action, as well as the parties involved and the remedies sought.

Here, Dave seeks both compensatory damages and equitable relief from the Trust. Though the transferee is an appropriate defendant in a fraudulent transfer action, it is apparent from the Complaint that it is Shah, not the Trust, who performed the fraudulent

---

[8] For clarity and convenience, the Court will hereinafter use "in rem" to refer to both "in rem" and "quasi in rem."

transfers. That Dave is pursuing an action against the Trust suggests that she wants to retrieve specific assets from it. And, as the Complaint's request for relief reads, Dave seeks an order "rescind[ing] the fraudulent transfer of marital community assets to the . . . Trust as alleged herein and . . . avoid[ing] such transactions." (Doc. 1 at 6.) Ordering the Trust to return specific assets to Dave would (1) require the Court to exercise control over property which is not within its territory and (2) disrupt the South Dakota court's control of the Trust.

Money, "unlike an identifiable piece of property, is fungible." *Koken*, 307 F. Supp. 2d at 656. The Complaint requests money damages as an alternative or in addition to return of specific property. A final judgment finding that the Trust is liable to Dave for the *value* of the assets she lost establishes the Trust's personal liability and is thus in personam. Because Dave could obtain complete relief with money damages, this is an in personam action.

## II.     Dave's Motion for Partial Summary Judgment

Dave's motion for partial summary judgment asks the Court to declare that the South Dakota state court order has no preclusive effect. The motion is premature. Preclusion is an affirmative defense that a defendant may raise "in respon[se] to a pleading." Fed. R. Civ. P. 8(c)(1). The Trust merely notified the Court of the South Dakota decision; it has not raised the defense. (*See* Doc. 13 at 1.) The Court will not decide the preclusive effect of the judgment until the issue is ripe for adjudication.

**IT IS ORDERED** that the Trust's motion to dismiss (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Dave's motion for partial summary judgment (Doc. 14) is **DENIED** as premature.

Dated this 3rd day of January, 2025.

Douglas L. Rayes
Senior United States District Judge