**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reshma Dave,<br><br>        Plaintiff,<br><br>v.<br><br>2012 Bobby Shah Irrevocable Trust, et al.,<br><br>        Defendants. | No. CV-24-08053-PCT-DLR<br><br>**ORDER** |

Before the Court are four motions: Defendant 2012 Bobby Shah Irrevocable Trust's ("Trust") motion for summary judgment (Doc. 43) and motion to stay (Doc. 58), and Plaintiff Reshma Dave's motion for partial summary judgment (Doc. 51) and second motion to amend the complaint (Doc. 67). All motions are fully briefed. (Docs. 51, 52, 53, 63, 64, 68.) For the reasons set forth below, the Court denies the Trust's motion to stay, grants its motion for summary judgment, and denies Dave's motion for partial summary judgment and motion to amend the complaint.

**I.     Background**

This case arises from an alleged scheme by Bobby Shah ("Shah"), co-trustee of the Trust, to move the Trust and shield assets from Dave. Dave and Shah are married but are currently in divorce proceedings in Arizona state court. (Doc. 31 ¶ 1.) In 2012, while they were still together, Shah formed the Trust with its situs in Arizona. (*Id.* ¶ 5.) A decade after its formation, Shah took steps to move the Trust situs and petition a South Dakota court to

assume supervision of the Trust.

Shah and Michael Wright, co-trustee, filed a petition "for court supervision and sealing of court file" ("Petition") in South Dakota state court under S.D. Codified Laws § 21-22-9 on February 6, 2024. (Doc. 31 at 8–11.) The Petition included an inventory of the Trust assets, a copy of the governing Trust instrument, and a statement of interested parties. (*Id.* at 11; Docs. 10-2; 10-3.) Dave was listed as an interested party and a copy of the Petition, and its attachments were served on Dave. (Docs. 10-3; 10-4.) Dave received notice of the hearing scheduled for the Petition. (Doc. 10-5.) The South Dakota court held the hearing and entered an order confirming the court's supervision ("Order"). (Doc. 10-6.) Neither Dave nor any attorney on behalf of Dave appeared at the hearing or filed any objection to the Petition. (Docs. 10-4; 10-5; 10-8.) A notice of entry of the Order was mailed to Dave, and Shah filed the judgment in the divorce proceedings with the Arizona state court. (Docs. 10-7; 10-8.)

Two days after the South Dakota court issued the Order, Dave filed the present suit. (*Compare* Doc. 1, *with* Doc. 10-8 at 9.) Dave brings three counts against the Trust: (1) aiding and abetting Shah's breach of fiduciary duty; (2) intentional fraudulent transfer; and (3) constructive fraudulent transfer. (Doc. 31 at 4–5.) The second and third claims are brought under the Uniform Fraudulent Transfer Act ("UFTA"). A.R.S. § 44-1001 et seq. (*Id.* ¶¶ 26, 30.) The Trust moved to dismiss for lack of subject-matter jurisdiction. (Doc. 8.)

While the Trust's motion to dismiss was pending, Shah filed a second petition in the South Dakota court on May 1, 2024, to determine beneficiaries and interested persons of the Trust and to obtain approval of the Trust's inventory and accounting ("Second Petition") under S.D. Codified Laws §§ 21-22-13 and 21-24-5(3). (Doc. 10-9.) A copy of the Second Petition was mailed to Dave. (Doc. 18-5.) Dave received several notices of the hearing scheduled for the Second Petition. (Docs. 18-4; 18-6; 18-7.) The South Dakota court held the hearing in June 2024. (Doc. 13 at 3.) Neither Dave nor any attorney on behalf of Dave appeared at the hearing or filed any objection to the Second Petition. (*Id.*) The

court entered an order after the hearing, declaring that Dave was neither a beneficiary nor an interested party to the Trust and that no transfer to the Trust was fraudulent ("Second Order"). (*Id.* at 3, 12–13.) The Trust notified this Court of the South Dakota court's order. (*Id.*) Shortly thereafter, Dave filed a "Motion for Partial Summary Judgment re: Non-Preclusive Effect of South Dakota State Court Orders," asking this Court to rule that she is not bound by the Second Order and that the decision has no preclusive effect on this case. (Doc. 14.)

In a combined order, the Court denied both the Trust's motion to dismiss and Dave's motion for partial summary judgment. (Doc. 24.) The Court concluded that Dave's motion was premature because the Trust had not raised preclusion as an affirmative defense. (*Id.* at 7.) The Trust has since done so. (Doc. 35 at 8–9.) Now the Trust moves for summary judgment urging the Court to find the Second Order preclusive (Doc. 43), while Dave again moves for partial summary judgment requesting the Court find the Second Order is not preclusive. (Doc. 51.) While both motions were still pending, the Trust moved to stay this case until the end of the divorce proceedings in Arizona state court. (Doc. 58.)

**II.     Motion to Stay**

The Court first addresses the Trust's motion to stay because if granted it would be unnecessary to resolve the motions for summary judgment at this time. The Trust asks the Court to stay this case and all pending matters under the "Colorado River Abstention Doctrine." (Doc. 58 at 3.) But the Trust does not even attempt to engage with the *Colorado River* factors, outlined below, and makes only conclusory assertions in support of its argument. Accordingly, the Court cannot conclude that *Colorado River* necessitates a stay in this matter.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In exceptional circumstances, "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" can support a stay or dismissal of federal litigation in favor of parallel state

proceedings. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023) (quoting *Colorado River*, 424 U.S. at 817 (internal quotations and citations omitted)). However, a stay of federal proceedings in favor of state proceedings "is the exception, not the rule." *Colorado River*, 424 U.S. at 813. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817 (internal quotation omitted).

Courts in the Ninth Circuit use an eight-factor balancing test to determine if a *Colorado River* stay is appropriate. The factors include:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). These factors are not applied as a "mechanical checklist," but rather in "a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 21 (1983). "[S]ome factors may weigh for or against the exercise of jurisdiction while others primarily serve as a bar to stay or dismissal." *R.R. Street & Co. Inc.*, 656 F.3d at 979. "Any doubt as to whether a factor exists should be resolved against a stay" or dismissal. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

The first factor—whether either court has taken control of the property that is the subject of the litigation—weighs against a stay. This is not an in rem proceeding, and so the factor is absent. *Moye v. Midland Funding LLC*, No. CV-15-00931-PHX-JJT, 2015 WL 10458833, at *2 (D. Ariz. Dec. 21, 2015) (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (noting the absence of this factor weighs against a stay)).

The second factor—the inconvenience of the federal forum—also weighs against a

stay, as both the state and federal forums are in Arizona. Although the state forum is in Mohave County and the federal forum is in Maricopa County, the Trust makes no argument that the federal forum is inconvenient because of the distance between the two.

The third factor—the desire to avoid piecemeal litigation—is neutral. While some claims addressed in the Arizona state court could inform the present lawsuit, there are important differences in the litigation. Significantly, the Trust is not a defendant in the Arizona state suit. Thus, the issue of whether the Trust aided and abetted in Shah's breach of fiduciary duty, will never be addressed in the state suit.

The fourth factor—the order in which the forums obtained jurisdiction—weighs against a stay even though the Arizona state suit was brought first, because the Arizona state court found it does not have jurisdiction over the Trust or Dave's claims against the Trust giving rise to the present matter. Additionally, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. The Trust, however, has presented no evidence that the state suit has significantly progressed beyond this suit, where the Court has already addressed multiple substantive motions.

The fifth factor—whether federal or state law provides the rule of decision on the merits—arguably favors a stay because the causes of action are brought under Arizona state law. However, this Court routinely applies Arizona state law in diversity cases, so to the extent this factor favors a stay, it does so marginally.

The sixth factor—whether the state court proceedings can adequately protect the rights of the federal litigants—weighs against a stay because, while there is no doubt the Arizona state court is qualified to protect federal litigants' rights, Dave's claims against the Trust in this lawsuit will not be litigated in the state suit.

The seventh factor—the desire to avoid forum shopping—weighs against a stay. Dave attempted to bring her claims against the Trust in Arizona state court, but that court denied her motion to add the Trust as a third-party defendant. (Doc. 63 at 48–49.) This belies any argument that Dave attempted to forum shop and the Trust provided no evidence

that she did so in bringing the present suit.

The eighth factor—whether the state court proceedings will resolve the issues before the federal court—weighs heavily against a stay. As the Court already stated, the claims in this lawsuit are different from those in the Arizona state suit and are against the Trust, while the claims in the state suit are against Shah. "[A] district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988)). The Court does not have full confidence that the state suit will end this litigation because if Shah is found to have breached his fiduciary duty in the state suit there would still be litigation in this suit as to whether the Trust aided and abetted that breach.

Only one factor marginally favors a stay while all seven other factors weigh either against a stay or are neutral. The Court also notes that the eighth factor—whether the state court proceedings will resolve the issues before the federal court—has outsized weight in a *Colorado River* analysis. Thus, while weighing these factors is more than simply counting them up, the Court is persuaded that denying the Trust's request for a stay is appropriate.

**III.     Motions for Summary Judgment**

    **A.     Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d. 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

**B.     Analysis**

The Trust's motion requests that this Court find the Second Order of the South Dakota court precludes this suit and thus ends this litigation, while Dave's motion urges the Court to find that order has no preclusive effect. (Doc. 43 at 5; Doc. 51 at 1.) The Trust argues that South Dakota's concepts of issue and claim preclusion are satisfied here. (Doc. 43 at 5–12.) Dave does not address the elements of preclusion but solely argues that the Second Order is "not entitled to full faith and credit . . . because the South Dakota court lacked personal jurisdiction over" her because she has no contacts with South Dakota.

1  (Doc. 51 at 4.) Thus, this Court must determine what effect to give the Second Order.

2  The Full Faith and Credit Clause of the United States Constitution provides that, "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Additionally, 28 U.S.C. § 1738 "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *see also Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 578 (9th Cir. 2022). Accordingly, the Court must apply South Dakota law to determine the preclusive effect of the Second Order. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).

In South Dakota, the concept of preclusion includes both issue and claim preclusion. *Estate of Ducheneaux*, 909 N.W.2d 730, 738 (S.D. 2018). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Am. Fam. Ins. Grp. v. Robnik*, 787 N.W.2d 768, 774 (S.D. 2010) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). On the other hand, claim preclusion serves "to prevent relitigation of *an issue actually litigated or which could have been properly raised and determined* in a prior action." *Barnes v. Matzner*, 661 N.W.2d 372, 377 (S.D. 2003) (quotation omitted) (emphasis in original). Both issue and claim preclusion are "premised upon two maxims: a person should not be twice vexed for the same cause and public policy is best served when litigation has a repose." *Healy Ranch, Inc. v. Healy*, 978 N.W.2d 786, 802 (S.D. 2022) (quotation omitted). For either issue or claim preclusion, four elements must be established:

> (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication.

*Id.* at 799.

All the four elements are satisfied here. First, the present issue—whether any

- 8 -

transfers to the Trust were fraudulent— is identical to the issue resolved in the Second Order. In the present suit, all three of Dave's claims against the Trust concern alleged fraudulent transfers: aiding and abetting Shah's fraudulent transfers which was a breach of his fiduciary duty; intentional fraudulent transfer; and constructive fraudulent transfer. (Doc. 31 at 4–5.) In the South Dakota suit, Shah filed the Second Petition requesting an order declaring, among other things, "the propriety of the transfers of any and all real property and other assets to fund the" Trust. (Doc. 10-9 at 11.) The South Dakota court, in its Second Order, made several declarations including: "The transfers of property to the Irrevocable Trust are not fraudulent. The transfers were done with full disclosure to Reshma Dave and with her participation." (Doc. 18-9 at 13.) The issue in the prior South Dakota adjudication is identical to the issue here. Even if there were any doubt as to the identical nature of the issue, South Dakota courts do not require "exacting 'issue-identity' with the earlier action" but rather "look to whether the second action attempt[s] to relitigate a prior determined cause of action[.]" *Healy Ranch, Inc.*, 978 N.W.2d at 799. "[A] cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce." *Id.* The facts giving rise to the rights Dave seeks to enforce, the transfers of property to the Trust, are the same facts in both actions.

Second, the Second Order was a final judgment on the merits. Neither party argues that the Second Order was appealed or reversed.

Third, the requirement that the parties are the same is satisfied here. Proceedings involving the administration of trusts "are different in nature than many other types of civil actions wherein there is a clearly identified 'defendant' upon whom service of summons must be made." *In re Russell I. Carver Revocable Trust*, 944 N.W.2d 808, 817 (S.D. 2020). "[T]here are instead several 'interested parties,' some of whom may object to the relief requested, while others may not." *Id.* As an interested party, Dave was served a copy of the Second Petition and several notices of the hearing scheduled for the Second Petition. (Docs. 18-4; 18-5; 18-6; 18-7.) These notice procedures "satisfy the requirement in SDCL 21-24-7 that 'all persons shall be made parties who have or claim any interest which would be

affected by the declaration[.]'" *Id.* at 816. Only if an interested party is not provided due notice of a requested trust declaration would the declaration not prejudice that party's rights. *Id.* at 817 (quoting SDCL 21-24-7). Under South Dakota law, Dave was made a party to the trust administration by designating her as an interested party and providing her due notice and thus the same party requirement for preclusion is satisfied.

Fourth, Dave had a full and fair opportunity to litigate the issues in the prior adjudication. Dave was named as an interested party, served the Second Petition, and provided multiple notices of the hearing on the Second Petition. "For a claim to be barred by res judicata, the claim need not have been actually litigated at an earlier time. Rather, the parties only need to have been provided 'a fair opportunity to place their claims in the prior litigation.'" *Healy Ranch, Inc.*, 978 N.W.2d at 802 (quotation omitted). This issue was actually litigated, and Dave had a fair opportunity to place any claim she may have had in the prior suit if she desired but she chose not to.

The Trust has established that the elements of claim preclusion are satisfied here and that the Second Order precludes this suit. Dave's argument to contrary is unavailing. She argues that the Second Order is void as to her because South Dakota did not have personal jurisdiction over her. But Dave exclusively focuses on the South Dakota court's lack of in personam jurisdiction over her and ignores that court's in rem jurisdiction over the Trust.

"*In personam* jurisdiction, simply stated, is the power of a court to enter judgment against a person." *United States v. Obaid*, 971 F.3d 1095, 1098 (9th Cir. 2020) (quotation omitted). "By contrast, *in rem* jurisdiction is the court's power to adjudicate rights over property." *Id.* For both in personam jurisdiction and quasi in rem jurisdiction, due process requires an individual to have minimum contacts with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); *Shaffer v. Heitner*, 433 U.S. 186, 212 (1977). But the "minimum contacts requirement does not extend to in rem actions." *Obaid*, 971 F.3d at 1105. A "court's in rem jurisdiction permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question." *Id.* at 1100

(quoting *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 448 (2004)). In an in rem action, "jurisdiction over the person is irrelevant if the court has jurisdiction over the property." *Id.* at 1000–01 (quoting *Hood*, 541 U.S. at 448).

Although the Court has previously determined that *this* suit is in personam, the suit in South Dakota is in rem because actions to "administer trusts" are in rem. *Goncalves By & Through Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1253 (9th Cir. 2017); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939). And Dave has previously conceded that the nature of the suit in South Dakota is in rem. (Doc. 24 at 6.) Thus, the Second Order is not an in personam judgment against Dave, which would require her to have minimum contacts with South Dakota. Rather the Second Order is an in rem judgment adjudicating rights over the Trust. Whether the South Dakota court had personal jurisdiction over Dave is therefore immaterial because the South Dakota court indisputably has jurisdiction over the Trust. *See Obaid*, 971 F.3d at 1100–01.

Certainly, the Second Order affects Dave's interests in the Trust, but if she wanted to litigate that interest, she had an opportunity to do so. Dave's reliance on *Hanson v. Denckla*, 357 U.S. 235 (1958) is inapposite. (Doc. 51 at 10–11.) In *Hanson*, the Supreme Court required minimum contacts for the defendants only because it had determined that the forum state did not have in rem jurisdiction over the property. 357 U.S. at 249 ("Having concluded that Florida had no in rem jurisdiction, we proceed to consider whether a judgment purporting to rest on that basis is invalid in Florida and must therefore be reversed."). The South Dakota court has in rem jurisdiction over the Trust, it made a judgment adjudicating rights over the Trust, and now this Court must give the proper effect to that judgment.

**IV.   Motion to Amend**

Dave filed her motion to amend her complaint (for a second time) on September 25, 2025, (Doc. 67) months after the March 31, 2025, deadline for amending pleadings had passed, and months after the close of discovery. (Doc. 33 at 1–2). Once the Court issues a scheduling order, those deadlines control unless good cause supports an amendment to the

order. Fed. R. Civ. P. 16(b)(4). Good cause exists when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where that party has not been diligent, the inquiry ends and the motion to amend is denied. *Id.* Only if good cause supports deviation from the scheduling order will the Court then assesses the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. Fed. R. Civ. P. 15(a)(2); *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Dave seeks to amend her complaint to add Overwatch, LLC as a defendant to avoid "collection loopholes" because it owns two other LLCs which together own the property relevant to Dave's claims. (Doc. 67 at 1.) Because the Court is granting summary judgment for the Trust, there will be no collection in this suit and so this amendment would be futile. Further, Dave knew of Overwatch's existence at the time of her first complaint in March 2024. (Doc. 1 ¶ 6.) A failure to add Overwatch as a defendant before now reflects a lack of diligence. Accordingly,

**IT IS ORDERED** that the Trust's motion to stay (Doc. 58) is **DENIED**, its motion for summary judgment (Doc. 43) is **GRANTED**, Dave's motion for partial summary judgment (Doc. 51) is **DENIED**, and her motion to amend the complaint (Doc. 67) is **DENIED**. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 22nd day of October, 2025.

Douglas L. Rayes
Senior United States District Judge